IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

DELOIS ADAMS,                          )
                                       )
    Plaintiff,                         )
                                       )
v.                                     )   No.  04-2403 Ml/P
                                       )
ALLSTATE INSURANCE COMPANY,            )
                                       )
    Defendant.                         )

COURT ORDERED MEDIATION

Pursuant to discussion during the telephone conference held in this case on Tuesday, May 24, 2005, the Court hereby refers the case for mediation either by Charles O. McPherson or through the court-annexed mediation program in order for the parties to attempt to achieve a settlement of the issues.

Mediation is a non-binding process conducted with the assistance of a neutral mediator. Mediation will be confidential and privileged from process and discovery. Following mediation, the court will be advised by written report from the mediator that the parties did or did not settle the case, and whether further mediation is planned or recommended. Should the case not settle and the matter proceed to litigation, the mediator shall not be a witness, nor shall the mediator's records be subpoenaed or used as evidence. No subpoenas, citations, writs, or other process shall

This document entered on the docket sheet In compliance
with Rule 58 and/or 79(a) FRCP on 5-26-05

be served at or near the location of any mediation session upon any person entering, leaving, or attending any mediation session.

The parties have agreed that they will contact Charles O. McPherson, Esq. to conduct the mediation in this case. If, however, Charles McPherson is unable to conduct the mediation, counsel shall contact the court clerk, who will then provide to each counsel a list of five court-certified mediators randomly selected from the court's mediation panel, in accordance with the local rule on mediation and the procedures adopted by the court as described in the Mediation Program Plan for the United States District Court for the Western District of Tennessee. The parties may proceed by either a strike system or by agreement to select a mediator. If the parties are unable to agree on a mediator for this case, they are directed to promptly advise the court and the court will resolve the matter.

THE GENERAL RULES GOVERNING THE MEDIATION CONFERENCE SHALL BE AS FOLLOWS:

(a) The Mediation Program Coordinator (Office of the Clerk of Court, United States District Court for the Western District of Tennessee) shall provide the mediator a copy of this Order and a copy of the complaint and answer within three (3) days of notification of selection of the mediator by the parties. The

2

mediator will promptly review these documents to determine whether to accept the mediation assignment. If the mediator agrees to mediate the case, the mediator will notify the parties, through counsel, and the Mediation Program Coordinator of the scheduled mediation conference. If, however, the mediator declines the assignment, the mediator shall immediately notify the Mediation Program Coordinator of same and the parties will be afforded another opportunity to jointly select a mediator.

(b)   Each party must be represented by a person with full authority to negotiate a complete compromise and settlement. Such persons shall be present during the entire mediation process. Failure of any party to have an authorized individual present at the mediation may result in the assessment of expenses, costs, and fees for all other attending parties. The participants shall exercise their best efforts to settle the case.

(c)   THE PARTIES SHALL PREPARE A BRIEF WRITTEN SUMMARY OF THE FACTS AND ISSUES which shall be provided the mediator not less than ten (10) days before the scheduled conference. All discussions, representations and statements made at the mediation conference SHALL BE PRIVILEGED as settlement negotiations and nothing related to the conference shall be admitted at trial as evidence or subject to discovery. See Federal Rule of Evidence 408.

(d) Counsel and parties, in consultation with the mediator, shall agree upon a mediation date within thirty (30) days from the entry of this order. If no agreed date can be scheduled within thirty (30) days from the entry of this order, then the mediator shall select a date within the thirty (30) days, and all parties shall appear as directed by the mediator. The location of the mediation conference shall be established by the mediator.

In the event it shall become impossible for an attorney or a party to attend the conference as scheduled, coordination for rescheduling shall be done through the mediator, and the mediator shall advise the court's Mediation Program Coordinator of the new mediation conference date.

In any event, the mediation shall be conducted prior to August 10, 2005. Failure to mediate will not be considered cause for the continuance of the trial date. **Referral to mediation is not a substitute for trial and the case will be tried if not settled.** The conditions stated in this Order will remain in effect.

(e) The mediator shall make a report to the court, through the Mediation Program Coordinator, of the results of the mediation conference within ten (10) days of the conclusion thereof. If, in the opinion of the mediator, the mediation process necessitates more than one mediation conference, the mediator shall submit a

4

mediation conference report within ten (10) days of each successive conference.

(f)  The mediator shall be compensated in accordance with the fee arrangement between the parties, the costs of mediation being borne equally by the parties, _unless_ otherwise agreed to by the parties and approved by the court.  In the instant case, the Court understands that the costs of mediation will, by agreement, be borne by the defendant.[1]

IT IS SO ORDERED this 25 day of May, 2005.

_____
JON P. McCALLA
UNITED STATES DISTRICT JUDGE

---

[1]  The parties should advise the Court if this order should be changed to reflect a different agreement.

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 17 in case 2:04-CV-02403 was distributed by fax, mail, or direct printing on May 26, 2005 to the parties listed.

---

Charles M. Agee
AGEE LAW FIRM
115 Mills Avenue
P.O. Box 280
Dyersburg, TN 38025--028

David M. Waldrop
HOLLEY WALDROP NEARN & LAZAROV
9032 Stone Walk Place
Germantown, TN 38138

Honorable Jon McCalla
US DISTRICT COURT